# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GREAT WEST CASUALTY COMPANY,**
          Plaintiff,

    v.                                                  Case No. 07-C-1109

**ACUITY, A MUTUAL INSURANCE COMPANY,**
          Defendant.

---

## DECISION AND ORDER

Plaintiff Great West Casualty Company brings this diversity action against defendant Acuity, a Mutual Insurance Company, seeking a declaratory judgment that defendant and not plaintiff is obliged to provide insurance coverage to Benedict LTD, Inc. ("Benedict") concerning a claim arising out of a motor vehicle accident. Defendant concedes that the parties are diverse but contends that the amount in controversy does not exceed "$75,000 exclusive of interest and costs," as required by 28 U.S.C. § 1332(a). Thus, pursuant to Fed. R. Civ. P. 12(b)(1), it moves to dismiss the case for lack of subject matter jurisdiction.

With respect to the amount in controversy, "'the sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Meridian Sec, Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1983)). Where, as here, the case involves a dispute between two insurers concerning which must cover a claim, the amount in controversy is the potential value of the claim. See Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14B Federal Practice & Procedure § 3710

at 264 (3d ed. 1998) (stating that when an action presents a question of the applicability of an insurance policy to a particular occurrence, the amount in controversy is measured by the value of the underlying claim). The proponent of federal jurisdiction must prove any disputed factual assertions relating to jurisdiction, but "[w]hether damages will exceed $75,000 is not a fact but a prediction with respect to which the court must decide whether 'to a legal certainty . . . the claim is really for less than the jurisdictional amount.'" Meridian Sec. Ins. Co., 441 F.3d at 540 (ellipsis in original).

Plaintiff alleges that the potential value of the Benedict claim exceeds $75,000. Plaintiff submits evidence that it has already incurred $46,000 in expenses on the claim and asserts that it is likely to incur considerable further expenses. Plaintiff's allegation as to the amount in controversy appears to have been made in good faith and defendant does not claim otherwise. Nor does defendant dispute any of plaintiff's factual assertions relating to the amount in controversy. Defendant agrees that a motor vehicle accident occurred and that it resulted in the death of one of the drivers and caused other damages. Defendant merely disagrees with plaintiff's prediction as to the ultimate value of the claim. However, defendant gives me no reason to conclude to a legal certainty that the value of the claim is really less than the jurisdictional amount.

Therefore,

**IT IS ORDERED** that defendant's motion to dismiss is denied.

Dated at Milwaukee, Wisconsin, this 19 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge